Lawrence Wayne BYRNE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 52490, 52775.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 17, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 17, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Dorothy M. Hirzy, Sp. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Byrne appeals the denial, after an evidentiary hearing, of his motion under Rule 27.26. We affirm.

On June 30, 1977, a jury found appellant guilty of first degree murder, attempted robbery, armed criminal action and assault with intent to kill. He was sentenced to two terms of life imprisonment, and to terms of five and fifteen years, all to be served consecutively. These convictions were affirmed. *State v. Byrne*, 595 S.W. 2d 301 (Mo.App. 1979). On February 13, 1985, appellant filed a pro se motion under Rule 27.26. Appointed counsel filed an amended motion on April 11, 1986 and a second amendment on June 20, 1986. This final amendment alleged that defendant's trial counsel rendered ineffective assistance because he failed to object when the prosecutor played, to the jury, a tape recording of a witness's ex parte statement. Appellant's sole point on this appeal is that the trial court erred in finding that he waived his rights of confrontation and cross-examination of this witness. Overlooking the divergence between appellant's motion, alleging ineffective assistance of counsel, and his point on appeal, charging a denial of the rights of confrontation and cross-examination, we address the merits of his contention.

Although appellant failed to file a copy of the trial transcript on this appeal, we availed ourselves of our own records and reviewed the trial transcript filed on direct appeal. The following facts emerged. The police interrupted appellant's attempted armed robbery of a jewelry store. In an exchange of gunfire an officer was fatally shot and appellant, although wounded, escaped the scene. A canine patrol led the police to Mrs. Ferrario's house, where appellant was apprehended. Mrs. Ferrario, an 86 year old woman in poor health, gave the prosecuting attorney a tape-recorded statement of her knowledge of the incident. At trial it was agreed that the state could play an edited version of this statement to the jury. In return, the prosecutor agreed not to object to certain evidence the defense desired to introduce. At the evidentiary hearing on the 27.26 motion, appellant testified that although he knew of the agreement to play a part of the tape, he never acquiesced and did not expressly waive his rights of confrontation and cross-examination. His trial attorney testified about the agreement, but said he could not recall one way or the other if appellant actually waived his rights. The motion court, taking judicial notice of the court file, found appellant had knowingly, intelligently and personally waived his right to confront and cross-examine Mrs. Ferrario.

In his brief appellant bases his contention solely upon the evidence adduced at the motion hearing and argues that the right of cross-examination is so fundamental that counsel may not waive it without the client's express concurrence. However, the trial transcript discloses the following:

THE COURT: All right. Let's take this one by one. Do you understand, Mr. McCleave, [appellant's trial counsel] and I want Mr. Byrne to listen to it too, it is claimed that the defendant entered the home of this lady a short distance from the scene of the alleged offense? And that it is claimed that he was wounded and had a revolver with him or gun. It is claimed that this lady called an ambulance, the police arrived, found the defendant. It is claimed they found a gun. We have the edited tape and we will begin one by one with the question. Mr. McCleave, do you have any objection to the jury hearing this edited tape of what the lady's testimony was? And I suppose there would have to be some stipulation that if she were present and put under oath she would so testify. Assume that that were offered, do you have any objection to that, Mr. McCleave?

MR. McCLEAVE: No, your Honor.

THE COURT: Have you gone into this with Mr. Byrne and explained that to him?

MR. McCLEAVE: I have, your Honor.

THE COURT: And does Mr. Byrne have any objection to it?

THE DEFENDANT: No.

THE COURT: Mr. Byrne has indicated that he has not.

This segment of the trial transcript amply supports the motion court's finding of personal waiver. On appellate review we

are limited to a determination of whether the trial court's decision was clearly erroneous. Rule 27.26(j). In this case, clearly it was not.

Judgment affirmed.

SATZ, C.J., and SIMEONE, Senior Judge, concur.